UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| - against - ] | Docket No. 13CR30028 (MGM) |
| ] | |
| JOSEPH BUFFIS, ] | |
| Defendant ] | |
| ] | |

## MOTION TO SEVER COUNT TWELVE FROM
## COUNTS ONE THROUGH ELEVEN

The Defendant JOSEPH BUFFIS, by and through his attorney Lori H. Levinson, hereby moves this Court pursuant to Fed.R.Crim.P. 14, Fed.R.Crim.P. 8 and the Due Process Clause of the United States Constitution to sever Count Twelve of the above-referenced Indictment from the remainder of the counts of the Indictment.

As grounds therefore, the Defendant states that joinder of Count Twelve with the other counts would result in undue prejudice to the Defendant.

## FACTS

On or about August 8, 2012, a grand jury sitting in Springfield, Massachusetts returned a four-count indictment charging the Defendant Joseph Buffis ("Buffis") with one count of Extortion in violation of 18 U.S.C. §1951(a) and three counts of Money Laundering in violation of 18 U.S.C. §1956(a)(1)(B)(I).

The Indictment alleged, in sum and substance, that on or about February 21, 2012, Buffis appeared for a Clerk-Magistrate's Probable Cause Hearing in the District Court for Southern Berkshire in his capacity as Chief of Police of the Town of Lee in connection with an Application for a Criminal Complaint against Thomas Fusco and Tara Viola ("Fusco and Viola"), who were alleged to have committed the offenses of Keeping a House of Prostitution in violation of M.G.L. ch. 272 § 24, Conspiracy in violation of M.G.L. ch. 274 § 7 and Sexual

Conduct for a Fee in violation of M.G.L. ch. 272 § 53A/A.  The Indictment further alleged that prior to the hearing before the Clerk-Magistrate, Buffis induced Fusco and Viola to donate $4000.00 of illicitly obtained funds to the LaLiberte Toy Fund ("the Toy Fund"), a fund that Buffis managed for the benefit of needy children in the Towns of Lee, South Lee and Tyringham at Christmas time, in exchange for his agreement not to advance the complaint past the Probable Cause hearing.  Further, the Indictment charged Buffis with concealing the "nature, location , source, ownership and control" of the donation to the Toy Fund by transferring $3,990.00 of the donation to the Toy Fund account to his own checking account by writing three separate checks to "cash."

Subsequently, on or about August 28, 2014, the grand jury returned a twelve-count Superseding Indictment, adding three counts of Wire Fraud in violation of 18 U.S.C. §1343, four additional counts of Money Laundering in violation of 18 U.S.C. §1956(a)(1)(B)(i) and one count of Mail Fraud in violation of 18 U.S.C. 1341.  The basis for all additional counts except the Mail Fraud count (Count 12) were related to Buffis' actions with respect to the Toy Fund, including transmission by means of wire communication in interstate commerce "writings, signs and signals" for the purpose of executing a "scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises"  (Counts Five through Seven), Money Laundering alleged to have been committed by Buffis' knowingly conducting financial transactions involving proceeds of unlawful activity (wire fraud) to "conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity" by withdrawing amounts of money from the Toy Fund account in the form of checks to cash (Counts Eight through Eleven) (Counts One through Eleven will henceforth be referred to a "the Toy Fund counts").  Finally, Count Twelve

alleges that Buffis engaged in Mail Fraud in violation of 18 U.S.C. §1341 by mailing a check to

Verizon Wireless for wireless telephones issued to him by the Town of Lee, and which

telephones the government alleges were intended only for police business but which Buffis

unlawfully distributed to family members for personal use (Count Twelve will henceforth be

referred to as the "Verizon count").

## ARGUMENT

This is not a run of the mill severance motion.  Rather, the amount of prejudice that

would befall the Defendant here by joining two separate and distinct sets of alleged criminal

conduct outweighs any potential benefit of trying the two separate sets of crimes jointly.

The Superseding Indictment in this case contains eleven counts that are all related to one

basic alleged "scheme" relating to Buffis' alleged misuse of Toy Fund monies, while Count

Twelve alone concerns a completely separate and distinct set of facts and circumstances having

nothing to do with the Toy Fund.   Joining the two sets of crimes for trial will unduly prejudice

Buffis by potentially allowing the jury to infer guilt on one set of facts as a result of potentially

believing he is guilty of another set of facts, neither of which bear on the other.   Moreover, as is

the case in many instances where severance is necessary, Buffis may wish to testify on his own

behalf on one of the set of charges, while wishing to exercise his Fifth Amendment privilege

against self-incrimination on the other.

### The Applicable Law

The Due Process Clause of the United States Constitution and Fed. R. Crim. P. Rules 8

and 14 protect a defendant from being subjected to a trial on unconnected counts if it appears

that unfair prejudice will result.  Rule 8 provides that two or more offenses may be charged in

the same indictment only if they "are of the same or similar character or are based on the same

act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."  Rule 14 provides "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . or provide any other relief that justice requires.

"[T]he rule against misjoinder primarily seeks to serve the same interest advanced by the general rule set forth in Fed.R.Evid. 404(b) ('Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith'). That is, the rule against misjoinder strives to ensure that the jury does not convict an accused of a charged crime simply because the accused has been charged with, or convicted of, a different, unrelated crime." *United States v. Bruck*, 152 F.3d 40, 44 (1st Cir. 1998).   Severance is authorized if the joinder of offenses appears to prejudice a defendant, and thus, even if counts are properly joined together under Rule 8, a court may order separate trials.  "Severance on the ground of undue prejudice is a judgment call and thus, is a matter committed to the trier's sound discretion."  *United States v. Fenton*, 367 F.3d 14, 22 (1st Cir. 2004).

In the instant case, this Court should exercise its discretion in favor of severing Count 12 of the Superseding Indictment from the other unrelated counts.  In *United States v. Edgar,* 82 F.3d 499, 503 (1st Cir. 1996) the Court of Appeals directed district courts to look to "whether the charges themselves are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred" (quoting *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995).   Here, Counts One through Eleven all relate to Buffis' activities with respect to his management of charitable donations to the Toy Fund; Count Twelve involves allegations that Buffis improperly charged the Town of Lee for personal mobile telephones for family members.   While Mail Fraud and Wire Fraud are

similar charges, the basis for the wire fraud charges lies in Buffis' alleged theft of monies from the Toy Fund, while the basis for the mail fraud charge lies in Buffis' alleged distribution of mobile telephones belonging to the Lee Police Department to family members.  The victims are wholly different and distinct – the Toy Fund charges involves allegations that individuals who believed they were donating funds to a charitable organization were victimized by Buffis' mishandling of donations; the extortion charge involves allegations that Buffis unlawfully caused two individuals to donate money to the Toy Fund; while the Verizon charge allegedly victimized the Lee Police Department.   As to "mode of operation," the Toy Fund counts allege that Buffis appropriated Toy Fund monies for his own use by concealing the whereabouts of donated monies; the Verizon charge simply alleges that Buffis had the Town of Lee pay for mobile telephones for his family members.   Finally, as to the time frame in which the two separate sets of charges occurred – the Toy Fund charges encompass a time period spanning the years 2007 through 2012, while the Verizon charge encompasses a period of time from October 5, 2011 to August 21, 2013.

The only characteristic common to the two sets of criminal acts are general "dishonesty." Any argument the government may make that both sets of acts involve dishonesty is simply too thin a thread to sew the two sets of counts together.  There is no "common scheme or plan" linking the Toy Fund Counts to the Verizon Count.  Nor are the two separate groups of charges based on the "same act or transaction or on two or more acts or transactions connected together." The only possible justification for joinder in this instance would be a finding that the two sets of charges "are of the same or similar character," in this case, as the government would argue – a general propensity for dishonesty.  This argument is precisely what Rules 8 and 14 were designed to deter.  Under Fed.R.Evid. 404(b), evidence of Buffis' activities with respect to the

Toy Fund counts would be inadmissible at a trial on the single Verizon count, and vice versa, as their only function would be to suggest that Buffis is dishonest.   The use of "other crimes evidence" pursuant to Rule 404(b) is discouraged:

> Our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is.  Under our system, an individual may be convicted only for the offense of which he is charged and not for other unrelated criminal acts which he may have committed.   Therefore, the guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing the defendant engaged in other acts of wrongdoing.

*United States v. Daniels,* 770 F.2d 1111 (D.C. Cir. 1985).   There is ample reason for this Court to order the severance of Count Twelve from the other counts of the Superseding Indictment based on the undue prejudice to the Defendant that admission of evidence of additional, unrelated acts would bring to bear.

In addition to the undue prejudice that admission of evidence pertaining to unrelated acts would cause, a second and further basis for granting severance of Count Twelve from the remainder of the counts of the Superseding Indictment rests on the potential undue prejudice that Buffis may face by trying him for different offenses at the same trial where he "may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither."  *United States v. Scivola,* 766 F. 2d 37, 41-42 (1st Cir. 1985).  In the instant matter, Buffis may very well intend to testify in his own behalf with respect to the extortion and related Toy Fund counts, but will wish to remain silent as to the Verizon count because of very different circumstances surrounding each of the alleged sets of charges.

Accordingly, for all of the reasons set forth above, the Defendant respectfully request that this Honorable Court order the severance of Count Twelve of the Superseding Indictment from the remainder of the counts and order two separate trials.

Respectfully submitted,

JOSEPH BUFFIS
By His Attorney

*/s/   Lori H. Levinson, Esq.*
Lori H. Levinson, Esq.
BBO#566685
The Law Office of Lori H. Levinson, PC
500 Main Street, Suite 2
Great Barrington, MA  01230
413.528.2355
413.528.2315 (facsimile)

November 17, 2014

CERTIFICATE OF SERVICE

I certify that I sent this Motion to all persons designated for receipt of ECF filings in this matter by filing it through the ECF system on November 17, 2014.

*/s/   Lori H. Levinson, Esq.*
Lori H. Levinson, Esq.