UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Criminal No. 13-30028-MGM |
| JOSEPH BUFFIS, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION FOR JUDGEMENT OF ACQUITTAL
(Dkt. No. 216)

December 3, 2015

MASTROIANNI, U.S.D.J.

Defendant has filed a motion for judgment of acquittal after the jury rendered a verdict on count one, extortion under the theory that Defendant acted under the color of official right. Defendant asserts that no rational juror could have found "he intended to use his office to induce a donation to which he was not otherwise entitled." Specifically, Defendant points to evidence showing that following her arrest, Ms. Viola, outside the presence of Defendant, offered to donate money related to prostitution as a way to help resolve the situation.

In deciding this motion, the court must "view the evidence, both direct and circumstantial—and including all plausible inferences drawn therefrom—in the light most favorable to the verdict [and] . . . 'credibility issues must be resolved in favor of the verdict.'" *U.S. v. Rivera Calderon*, 578 F.3d 78, 88 (1st Cir. 2009) (quoting *United States v. Pérez-Ruiz*, 353 F.3d 1, 7 (1st Cir. 2003)). The court finds the factual background, based on the trial evidence, was accurately but not exhaustively

referenced by each party in their memorandum for this motion. The issue raised by Defendant centers on an interpretation of the trial evidence as insufficient to establish Defendant's knowledge that Ms. Viola and Mr. Fusco were paying money in order to have the potential of criminal charges disappear. As indicated in Defendant's motion at page 6, he argues the jury could not find he "knew he was being offered . . . payment in exchange for the exercise of his official power." However, this assertion is groundless; the jury could reasonably conclude by inference, considering all the evidence, Defendant was well aware the payment was in exchange for his beneficial exercise of official power.

Evidence at trial clearly established that Defendant learned of the offer to donate the prostitution proceeds and then engaged in discussions directly with Ms. Viola and Mr. Fusco regarding a donation. The discussions focused on the specific amount of the donation, the recipient charity, and how Defendant's acceptance of the donation would be formalized in concert with a show cause hearing at which the potential charges against Ms. Viola would ultimately be dismissed. Defendant prepared for the show cause hearing and appeared at it, in his official capacity as the Chief of Police for the town of Lee.

A jury, considering all of the evidence, could have concluded that Defendant understood that Ms. Viola and Mr. Fusco were giving $4,000, an amount set by Defendant, to the toy fund rather than to their preferred charity, only because they believed such a payment was necessary to avoid Ms. Viola being charged criminally. It is important that Defendant chose and directed both the amount and recipient of the donation; his directives differed from what Ms. Viola and Mr. Fusco had proposed. Defendant's contention that he is somehow absolved because the idea of a donation was initially suggested by Ms. Viola upon her arrest has no merit. As the jury was instructed: "It is not necessary for the government to show that [Defendant] made any specific request or demand for money or acted in a particular way in order to induce Tara Viola or Thomas Fusco to consent to pay the money. Passive acceptance of a benefit by a public officer is sufficient if the official knows

that he is being offered or tendered the payment in exchange for the exercise of his official power." The government was not required to show that Defendant originated the idea for the donation, rather than simply developing and capitalizing on a concept suggested, out of desperation, by Ms. Viola. Also, it does not matter if Ms. Viola invited and welcomed the benefit she believed would be obtained by being extorted and it does not matter whether she understood that Defendant intended to keep some or all of the funds for his personal use. What mattered is whether Defendant knowingly and willfully accepted money he was not entitled to receive from Ms. Viola and Mr. Fusco and that they provided the payment in order to assure the dismissal of charges against Ms. Viola. There was no dispute that Defendant had accepted the money, and the jury had ample evidence from which it could reasonably conclude that Defendant understood that Ms. Viola and Mr. Fusco made the payment in exchange for his promise to take the official action necessary to end the criminal proceedings against Ms. Viola. Accordingly, the court determines the verdict is "supported by a plausible rendition of the record." *U.S. v. Merlino*, 592 F.3d 22, 29 (1st Cir. 2010) (internal quotation marks omitted).

      For the foregoing reasons, Defendant's Motion for Acquittal is hereby DENIED.

      It is So Ordered.

                                                                   /s/ Mark G. Mastroianni
                                                                 MARK G. MASTROIANNI
                                                                 United States District Judge