UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>JOSEPH BUFFIS,<br><br>Defendant. | Criminal Case No. 13-30028-MGM |

ORDER TO SHOW CAUSE

March 20, 2019

MASTROIANNI, U.S.D.J.

    Defendant Joseph Buffis was convicted of one count of extortion under color of official right. He was sentenced to 27 months imprisonment, two years of supervised release, and restitution in the amount of $4,000. He is currently on supervised release. The First Circuit affirmed his conviction on August 14, 2017. (Dkt. No. 304.) The Supreme Court denied his petition for a writ of certiorari on December 4, 2017. (Dkt. No. 308.) On December 6, 2018, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. No. 321.)

    A one-year statute of limitations applies to § 2255 motions. *See* 28 U.S.C. § 2255(f).[1] Based on the timeline explained above, it appears Defendant filed his § 2255 motion more than one year

---

[1] The statute of limitations provision, 28 U.S.C. § 2255(f), provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

after his judgment of conviction became final and more than one year after the date on which the facts supporting his motion "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Defendant failed to provide a reason why the one-year statute of limitations does not bar his motion. (*See* Dkt. No. 321 at Question 18, which Defendant did not answer.)

Accordingly, the court hereby ORDERS Defendant to file a brief or written submission with the court by **April 19, 2019** explaining why his § 2255 motion is not barred by the one-year statute of limitations contained in 28 U.S.C. § 2255(f).

It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge

---

Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.