UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>JOSEPH BUFFIS,<br><br>                Defendant. | Docket No. CR-13-30028-MGM |

GOVERNMENT'S RESPONSE TO DEFENDANT'S SECTION 2255 MOTION

The United States of America, by Andrew E. Lelling, United States Attorney for the District of Massachusetts, through the undersigned Assistant U.S. Attorney (the "Government"), hereby files the instant response to the defendant's Section 2255 motion. As set forth below, the Government requests that the Court direct supplemental filings from the defendant and his trial attorney concerning the Motion's first ground alleging ineffective assistance of counsel, and that the Court deny the defendant's second, third, and fourth grounds as meritless.

As grounds, the Government states as follows:

Procedural Background

On August 28, 2014, a grand jury returned a superseding indictment charging the defendant with one count of extortion by wrongful use of fear and under color of official right, seven counts of money laundering, three counts of wire fraud, and one count of mail fraud. (D. 61). The indictment alleged, among other things, that the defendant, as the Lee Chief of Police, extorted a $4,000 payment from a couple, Citizen 1 and Citizen 2, by agreeing not to proceed with criminal charges against the couple. *Id.*, ¶¶ 9-17.

1

On June 9, 2015, following a fourteen-day trial, a jury convicted the defendant of extortion under color of official right, and acquitted the defendant of the money laundering and wire fraud charges.[1] (D. 183).

On September 23, 2015, the defendant filed a motion for judgment of acquittal (D. 216), which the Government opposed (D. 226) and the Court denied (D. 233). On December 3, 2015, the defendant filed a motion for clarification, seeking to determine whether the court considered any comments made by a juror in a local newspaper article published on June 19, 2015. (D. 232). Following a hearing, the court entered an order concerning the motion for clarification, noting: "As stated in court no media reports were or would be considered for any rulings on the case, including judgment notwithstanding the verdict. The parties were given an opportunity to supplement the record but declined and indicated satisfaction with the courts clarification." (D. 235).

On May 17, 2016, this Court sentenced the defendant to 27 months of imprisonment to be followed by 24 months of supervised release, restitution of $4,000 and forfeiture of $4,000. (D. 269, 279). The defendant is no longer in custody.

In the District Court, the defendant was represented by attorney Lori H. Levinson ("Attorney Levinson").

On August 14, 2017, the Court of Appeals for the First Circuit affirmed this Court's judgment, holding that the evidence was sufficient to support his extortion conviction. (D. 304,

---

[1] The Court had previously severed the mail fraud charge and later dismissed it without prejudice. (D. 93, 242).

305). Specifically, the Court rejected the defendant's argument that without proof of coercion, he could not be guilty of extortion under color of official right. (D. 304, at 7).

On December 4, 2017, the United States Supreme Court denied the defendant's petition for a writ of *certiorari*. (D. 308).

On December 6, 2018, the defendant filed the instant Motion Under Section 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (the "2255 Motion") (D. 321). The Motion alleges the following four grounds:

 1. Attorney Levinson failed to investigate witnesses, failed to impeach prosecution witnesses, ineffectively defended the case at trial, and failed to call character witnesses. As to this ground, the Motion provided no specifics.

 2. The district court erred by denying a clarification question from the jury. As to this ground, the Motion did not specify the jury question further, but stated (without spelling errors): "In order for the Count One (1) conviction to stand the court below essentially created a constructive amendment to the indictment, essentially allowing paragraphs 1 thru 25 to act as predicates, in an of themselves when applied to Count One (1), even though they had resulted in acquittal across the board as to all the other counts. Clearly the verdict form as to Count One (1) required guilt on counts two (2), three (3), and four (4)." This ground was not raised on appeal because the defendant's "appeals attorney did not see this issue."

 3. The defendant's conviction resulted in an Eight Amendment constitutional issue of excessive fine. The Motion specified that "as a result of the conviction for a $4,000 extortion under color of law, petitioner must forfeit a public pension valued at over one

million dollars if petitioner lives until age 80." This ground was not raised on appeal because the Berkshire County Retirement Board ordered forfeiture of the pension in August 2018.

   4.  The district court erroneously asked for, received, and read an article by a local paper that interviewed a jury after petitioners' conviction but before ruling on a motion to set aside the verdict. As to this ground, the Motion specified that the "judge read a newspaper article published in a local newspaper of an interview of a juror's opinion of the case, prior to ruling on a motion to set aside the verdict."

On June 27, 2019, the Court ruled that the defendant has satisfied his burden that he was entitled to equitable tolling for the brief period between the time the one-year limitations ended and the date the 2255 Motion was received, and ordered the Government to file an answer or responsive pleading within 21 days. (D. 325, 326).

The Government's Response To The Motion

   1.  <u>The First Ground Of The Motion Requires A Supplemental Petition By The Defendant And A Responsive Affidavit From Attorney Levinson</u>.

The defendant's first ground alleges ineffective assistance of counsel. The Supreme Court has made clear that it is "preferable" in most cases for ineffective assistance of counsel claims to be raised in a Section 2255 motion. *Massaro v. United States*, 123 S. Ct. 1690 (2003). The Court reasoned that the trial record is "often incomplete or inadequate" for direct appellate review of such claims, and noted that "the record may reflect the action taken by counsel but not the reasons for it" and "may contain no evidence of alleged errors of omission, much less the reasons for them." *Id.* at 1694.

As the Ninth Circuit observed in *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003), "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *See also Greater Newburyport Clamshell Alliance v. Public Service Co.*, 383 F.2d 13, 19 (1st Cir. 1988) ("The Sixth Amendment provides a shield for the attorney-client privilege only in criminal proceedings; upon the termination of those proceedings and the initiation of a civil action putting the privilege at issue, that constitutional protection ends.") *Vial v. United States*, No. Civ. A-97-231L, 1998 W.L. 226236, *2, n.4 (D.R.I. April 14, 1998) (noting that habeas petitioner claiming ineffective assistance of counsel waives the attorney-client privilege); *Sena v. Spencer*, No. Civ. A-05-10381-DPW, 2006 W.L. 568306, *6, n.7 (D. Mass. March 8, 2006) (construing Massachusetts Rule of Professional Conduct 1.6 in context of ineffective assistance habeas claim).

Since the defendant's 2255 Motion has effectively waived his attorney-client privilege, the record must now be supplemented by the defendant and his attorney so that the Government can adequately respond to the Motion. In particular, the Government respectfully requests that: (a) the defendant file a supplemental petition providing a full and complete statement of his version of every significant conversation or communication that he had with his attorneys concerning the four grounds raised in his 2255 Motion; and (b) the defendant's attorney file an responsive affidavit responding to his allegations and setting forth all pertinent details concerning conversations, correspondence, and/or relevant documents exchanged with him.

This is exactly the remedy ordered by this Court in *United States v. Ronald Brown*, Crim. No. 14-CR-30027-MGM (D. 181). *See also Dana Dray McCann v. United States*, Civ. No. 06-

30205-MAP (Document No. 10) and *United States v. Jeremiah Salamon*, Crim. No. 09-30021-MAP (Document No. 106); *Ross v. United States*, No. Civ. 05-40065-RWZ (D. Mass. Aug. 29, 2006) (D. 9) (ordering supplemental petition and responsive attorney affidavit); *Tibbs v. United States*, Civil No. 02-11265-NG (D. Mass. Feb. 26, 2003) (D. 7) (directing petitioner to supplement his papers and directing his allegedly ineffective attorneys to file detailed responsive affidavit)

2.  <u>The Motion's Second Ground Is Procedurally Barred, Meritless, And Should Be Denied</u>.

The defendant concedes that his second ground was not raised on direct appeal, and offers the explanation that his appellate attorney did not recognize the issue. If a Section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's review unless the Petitioner can demonstrate both (1) cause for the procedural default and (2) actual prejudice resulting from the error asserted. *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Here, the defendant has not demonstrated cause for the default or actual prejudice resulting from the claimed error. Moreover, the defendant has not even identified the "jury clarification error denied by the trial court," the "constructive amendment to the indictment," or how count one of the verdict form required guilt on the money laundering counts (counts two through four). This claimed should be denied.

3.  <u>The Motion's Third Ground Is Meritless And Should Be Denied</u>.

The defendant's third ground alleges that the conviction resulted in an Eighth Amendment excessive fine because the Berkshire County Retirement Board forfeited his pension.

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., Amdt. 8. The Supreme Court

has explained that at the time the Constitution was adopted, "the word 'fine' was understood to mean a payment to a sovereign as punishment for some offense." *United States v. Bajakajian*, 524 U.S. 321, 328 (1998) (*citing Browning–Ferris Industries of Vt., Inc. v. Kelco Disposal Inc.*, 492 U.S. 257, 265, 109 S. Ct. 2909, 2915, 106 L.Ed.2d 219 (1989). Thus, the Excessive Fines Clause "limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" *Id.*, (citing *Austin v. United States*, 509 U.S. 602, 609–610, 113 S.Ct. 2801, 2805, 125 L.Ed.2d 488 (1993) (emphasis deleted). In other words, "[f]orfeitures—payments in kind—are thus 'fines' if they constitute punishment for an offense." *Id.*

Here, however, this Court only ordered a $4,000 forfeiture. This Court's judgment did not address in any way the defendant's pension. To the extent that the Berkshire County Retirement Board subsequently forfeited the defendant's pension based upon his federal conviction (a claim that the defendant has not supported and that the Government accepts here solely for the purpose of argument), the defendant's loss of his pension was merely a collateral consequence of his conviction, and not any punishment imposed by the Court. Consequently, this claim should be denied.

4.  <u>The Defendant's Fourth Claim Is Procedurally Barred, Meritless, And Should Be Denied</u>.

The defendant's fourth claim asserts that the Court erred when, prior to deciding the defendant's motion for judgment of acquittal, it read a local newspaper article that included an interview with a trial juror. This claim is procedurally barred since it was not raised on direct appeal. It is meritless and should be denied because, as the court noted, "no media reports were or would be considered for any rulings on the case, including judgment notwithstanding the

verdict. The parties were given an opportunity to supplement the record but declined and indicated satisfaction with the courts clarification." (D. 235).

Conclusion

Based upon the foregoing, the Government requests that the Court direct supplemental filings from the defendant and Attorney Levinson concerning the Motion's first ground, and that the Court deny the defendant's second, third, and fourth grounds.

          Respectfully submitted,

          ANDREW E. LELLING
          United States Attorney

          */s/ Steven H. Breslow*
          STEVEN H. BRESLOW
          Assistant United States Attorney

### CERTIFICATE OF SERVICE

Hampden, ss.          Springfield, Massachusetts
          July 19, 2019

I, Steven H. Breslow, Assistant U.S. Attorney, hereby certify that the foregoing was filed by ECF and will be sent by e-mail to Attorney Lori H. Levinson.

          */s/ Steven H. Breslow*
          STEVEN H. BRESLOW
          Assistant United States Attorney