UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**JOSEPH BUFFIS,**<br><br>    **Defendant.** | CR-13-30028-MGM |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF *BRADY/JENCKS* MATERIAL**

The United States of America, by and through Andrew E. Lelling, United States Attorney for the District of Massachusetts, Steven H. Breslow (the "Government"), hereby files the instant opposition to defendant's motion to compel production of *Brady/Jencks* material (D.334) (the "Motion"). As set forth below, the Court should deny the Motion or, in the alternative, provide permit the Government to submit a supplemental response by July 20, 2020.

1.  Factual and Procedural Background

On August 28, 2014, a Grand Jury returned a superseding indictment charging the defendant with one count of extortion by wrongful use of fear and under color of official right, seven counts of money laundering, three counts of wire fraud, and one count of mail fraud. (D. 61). The indictment alleged, among other things, that the defendant, as the Chief of the Lee Police Department ("LPD"), extorted a $4,000 payment from a couple, Citizen 1 and Citizen 2, by agreeing not to proceed with criminal charges against the couple. *Id.*, ¶¶ 9-17.

On June 9, 2015, following a fourteen-day trial, a jury convicted the defendant of extortion under color of official right, and acquitted the defendant of the money laundering and wire fraud

˘1˘

charges. (D. 183).

On May 17, 2016, this Court sentenced the defendant to 27 months of imprisonment, 24 months of supervised release, restitution of $4,000, and forfeiture of $4,000. (D. 269, 279). The defendant is no longer in custody.

On August 14, 2017, the Court of Appeals for the First Circuit affirmed this Court's judgment, holding that the evidence was sufficient to support his extortion conviction. (D. 304, 305).

On December 6, 2018, the defendant filed a Section 2255 motion to vacate, set aside, or correct his sentence, alleging the following grounds: (1) ineffective assistance of counsel; (2) the district court's alleged error in denying a jury clarification question; (3) the conviction resulted in an excessive fine through the loss of the defendant's public pension; (4) the district court's alleged error in reading an article by a local paper that interviewed a juror after the conviction but before the district court ruled on a motion to set aside the verdict.  (D. 321).

On October 3, 2019, the defendant filed a motion to amend the Section 2255 motion, which the district court granted on October 21, 2019.   (D.329-30).

On February 26, 2020, the defendant filed a motion to extend the time in which to amend his Section 2255 motion and to compel the Government to produce specific *Brady* and *Jencks* material allegedly known to be in the Government's position.   (D.334) (the "Motion").   According to the Motion, in approximately August 2016 (*i.e.*, more than one year after the defendant's trial), the local news reported that one of the trial witnesses, LPD Officer Ryan Lucy, had been suspected of stealing cash and narcotics from the LPD.   *Id.* at 3.[1]   Moreover, the Motion alleged that two other

---

[1] According to a news report in the *Berkshire Eagle* dated September 21, 2016, the state police detectives were investigating the apparent theft of cash and narcotics from the Lee Police

trial witnesses, Massachusetts State Police ("MSP") Sergeant Christopher Mieklehohn and former Captain Richard Smith, were reassigned for misconduct material to this § 2255." *Id.*

Notably, the Motion does not allege that: (1) Officer Lucy was stealing cash and narcotics before or during the defendant's trial; (2) the specific misconduct that Sgt. Mieklehohn and Capt. Smith allegedly committed; and (3) whether the Government was aware of any misconduct by any of these witnesses before or during the trial.

According to the Motion, the defendant filed a FOIA request with the investigating agency, the FBI, and received approximately 300 to 400 documents that were so heavily redacted that "they cannot be effectively used for the impeding Section 2255." *Id.* at 3-4. Nonetheless, the Motion contends that "the prosecution has clearly suppressed exculpatory material which would have resulted in acquittal."

On March 20, 2020, the Court ordered the Government to "provide unredacted copies of the documents previously provided to Petitioner, and identified by him as responsive to FOIA request 1383944-000. Should the government believe legal reasons exist for restricting any of this material, the government may withhold such materials from Petitioner and provide the court with unredacted copies of withheld materials together with a log identifying the legal basis for withholding the document from Petitioner. All materials must be provided to Petitioner or the court no later than April 20, 2020. (D.335).

---

Department, according to a news release issued Tuesday by the Berkshire District Attorney's Office. The announcement came less than two weeks after Lucy's resignation, who voluntarily entered rehab in August for substance abuse treatment, according to the release. https://www.berkshireeagle.com/stories/state-police-probe-apparent-theft-of-cash-narcotics-from-lee-police-department,173557.

On March 20, 2020, the Government filed a motion to continue the time to respond to defenadnt's *Brady/Jencks* motion until May 20, 2020 and stated that it "will grant additional extensions provided the government proactively requests the extension prior to the current May 20, 2020 deadline."   (D.337).

2.  The Defendant's *Brady/Jencks* Motion Should Be Denied

As part of its pre-trial preparation, the Government requested *Giglio* information from the LPD for Officer Lucy and from the MSP for Sgt. Mieklejohn and Capt. Smith.

On January 8, 2015, the LPD informed the Government that it had no information regarding Officer Lucy upon review of its files.   Exhibit 1 attached hereto (submitted under seal).

On April 7, 2015, the MSP informed the Government informed the Government that it had no information regarding Capt. Smith and no information about Sgt. Mieklejohn other than a 1999 state civil rights action brought by a plaintiff named Judge Eugene, who alleged that then Trooper Mieklehohn had conducted an illegal cavity search; the MSP conducted an internal investigation into the Eugene matter, and determined that the allegation was not sustained.   Exhibit 2 attached hereto (submitted under seal).

Thus, the defendant's allegations concerning these officers – that Officer Lucy was stealing cash and narcotics from the LPD and that Sergeant Mieklejohn and former Captain Smith were reassigned for misconduct – even if true, were not known to the Government at the time of the defendant's trial.

3.  In The Alternative, The Government Requests Permission To Provide A Supplemental Response By July 20, 2020

The Government has received the FBI's unredacted FOIA response.   However, the

˘4˘

defendant's case, including the electronic files relating to the Government's pre-trial discovery, has been archived, and the Government has consequently been unable to determine if these materials were disclosed to the defense.

To the extent that the Court denies the Government's motion to dismiss the *Brady/Jencks* motion, the Government requests an additional two months to receive and review the archived case materials – *i.e.*, until July 20, 2020.

To the extent that the Court wants to review the FBI's unredacted FOIA response *in camera* prior to the Government's review of its pre-trial discovery, the Government will promptly provide a copy to the Court under seal.

4. <u>Conclusion</u>

For the foregoing reasons, the Government respectfully asks that the Court dismiss the defendant's *Brady/Jencks* motion and, in the alternative, grant the Government's request to provide a supplemental response until July 20, 2020.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:  */s/ Steven H. Breslow*
STEVEN H. BRESLOW
(NY2915247)
Assistant U.S. Attorney
300 State Street, Suite 230
Springfield, MA 01105
413-785-0330
steve.breslow@usdoj.gov

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically

to the registered participants as identified on the Notice of Electronic Filing.

                                       By:    */s/ Steven H. Breslow*
                                                             STEVEN H. BRESLOW
                                                             Assistant U.S. Attorney

Dated:   May 20, 2020