UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>JOSEPH BUFFIS,<br><br>Defendant. | Criminal Case No. 13-30028-MGM |

MEMORANDUM AND ORDER RE:
AMENDED 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
AND MOTION FOR ORDER AND SUMMARY JUDGEMENT
(Dkt. Nos. 357 & 361)

October 8, 2021

MASTROIANNI, U.S.D.J.

### I. INTRODUCTION

In 2014, Defendant, Joseph Buffis, the former chief of police in Lee, Massachusetts, was charged with one count of extortion by wrongful use of fear and under color of official right, seven counts of money laundering, three counts of wire fraud, and one count of mail fraud. The government alleged, in part, that Defendant extorted a couple facing criminal charges related to prostitution when he accepted a $4,000 payment from them to a charity of his choice and agreed to drop the criminal charges. Three of the seven money laundering counts related to the disposition of the $4,000 payment. The remaining money laundering counts and the wire fraud counts related to events that occurred prior to the alleged extortion. Following a fourteen-day trial in the spring of 2015, a jury convicted Defendant of extortion under color of official right and acquitted him of money laundering and wire fraud. The mail fraud count had been severed and was later dismissed.

Defendant filed an unsuccessful motion for acquittal and he was sentenced to 27 months of incarceration in May of 2016. His conviction was affirmed by the First Circuit in 2017. The

following year, proceeding pro se, Buffis filed his Motion Under Section 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] The motion identified four grounds for relief, including ineffective assistance of counsel. The government opposed, arguing Defendant had failed to adequately develop his ineffective assistance of counsel argument and that his other arguments were procedurally barred, meritless, or both. Defendant then moved to amend. Additionally, he requested the court order the government to respond to requests for information he had previously filed. The government did not oppose Defendant's motion and the court granted Defendant's request to file an amended motion, setting a deadline for Defendant to file either his amended motion or a request for additional time. The court denied Defendant's request that the government be compelled to provide the information he was seeking, but permitted him to renew the request in a more detailed filing. Defendant requested an additional extension of time to file his amended § 2255 motion and asked the court to compel production of material he alleged had been improperly withheld. Once again, the government did not file a timely response. The court granted Defendant's motions and set a deadline for the government to provide the requested material directly to Defendant or to the court for *in camera* review.

      The government responded by providing a set of unredacted documents to the court. After reviewing the documents, the court concluded that none of the material previously withheld by the government contained Brady/Giglio material. The court then set a new deadline for Defendant to file his amended motion to vacate. Defendant then filed his amended motion to vacate and later filed a supporting memorandum. The amended motion to vacate identifies two grounds for relief: (1) "Denial of 6th Amendment Guarantee of Effective Assistance of Counsel" and (2) prejudicial jury instructions that a violated Defendant's right to due process. (Dkt. No. 357, Amended § 2255

---

[1] Defendant-Petitioner filed his § 2255 Motion on December 6, 2018, two days past the one-year limitations that began to run when the First Circuit upheld his conviction on December 4, 2017, however, the court found Buffis adequately established that he was entitled to equitable tolling for that brief period.

Motion to Vacate, Set Aside, or Correct Sentence, 4-5.) The government did not file a new opposition and Defendant filed a Motion for Order and Summary Judgment in which he asserted the court should rule in his favor based on the absence of an opposition from the government. (Dkt. No. 361.) For the reasons set out below, the court now denies the motion for relief pursuant to § 2255.

## II.    DISCUSSION

At the outset, the court observes that "[p]ostconviction relief on collateral review is an extraordinary remedy." *Singleton v. United States*, 26 F.3d 233, 236 (1st Cir. 1994). Defendant argues poor performance by his trial and appellate attorneys and flaws in instructions provided to the jury rendered his conviction fundamentally unfair. The court addresses Defendant's arguments in turn.

A. <u>Ineffective Assistance of Counsel</u>

A defendant has a right to raise a new "ineffective assistance of counsel claim in a collateral proceeding pursuant to 28 U.S.C. § 2255." *United States v. Flete-Garcia*, 925 F.3d 17, 40 (1st Cir. 2019). In *United States v. Cronic*, the Supreme Court recognized that "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights." 466 U.S. 648, 659 (1984). There is a two-prong framework for assessing ineffective assistance of counsel claims. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail, "the defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Id.* In order to show deficient performance, a Defendant must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* "There are countless ways to provide effective assistance in any given case" and courts must take care not to judge counsel's efforts in

hindsight. *Id.* at 689. Instead, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Defendant argues the representation provided by his trial attorney was so lacking that he was denied his right to counsel guaranteed by the Sixth Amendment. Specifically, he asserts she (1) failed to investigate evidence that could have been used to impeach witnesses and (2) failed to argue to the jury that the evidence showed Defendant's dismissal of the criminal charges related to prostitution was not contingent on the $4,000 payment made by the couple. Additionally, he argues his appellate counsel was ineffective because the direct appeal included arguments on only one of the four grounds discussed by Defendant and appellate counsel.

The two alleged deficiencies attributed to Defendant's trial counsel, considered singly or together, do not come close to showing a failure to test the prosecutor's case or to function as counsel for Defendant. Trial counsel conducted vigorous cross-examinations of all the government's witnesses. That some of these cross-examinations did not proceed in exactly the manner Defendant now wishes, does not mean he was denied the benefit of counsel. Similarly, Defendant's argument that trial counsel erred at closing by emphasizing evidence that the couple voluntarily made the $4,000 payment, rather than evidence that the dismissal of charges was not contingent on the payment, demonstrates a difference of opinion about trial strategy, not an error of constitutional proportion. Finally, the court notes that though Defendant was convicted of the single extortion count, he was acquitted of ten other counts, an outcome unlikely to occur in the absence of professionally capable trial counsel.

Defendant also argues his appellate counsel's performance was so poor as to deprive Defendant of his Sixth Amendment right to counsel. He does not dispute that counsel filed a substantive appeal on his behalf, but takes issue with appellate counsel's decision to brief only one of four grounds for appeal they had discussed. "[A]ppellate counsel who files a merits brief need not

4

(and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). When, as in Defendant's case, a substantive appellate brief has been filed, "it is difficult to demonstrate that counsel was incompetent." *Id.* Appellate counsel is not rendered ineffective merely because counsel elects not to brief all potential grounds for appeal. Indeed, the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail . . . is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). Defendant may disagree with appellate counsel's decision to brief only one argument, but it was a professionally reasonable approach. None of the three unbriefed arguments was likely to succeed as all were based on a misunderstanding of the extortion charge.

Contrary to Defendant's assertion, the three money laundering charges related to the extortion count were not "predicates" to the extortion count and a conviction on the extortion count was not inconsistent with acquittals on the money laundering counts. (Dkt. No. 357, Amended § 2255 Motion to Vacate, Set Aside, or Correct Sentence, 42.) Instead, the reverse was true. While the jury could determine Defendant's guilt on the extortion charge without reference to any of the money laundering charges, the jury had to find Defendant guilty of extortion before it could find him guilty of the money laundering counts grouped with the extortion count. Appellate counsel's decision not to brief three clearly flawed arguments "fell well within the 'wide range of professionally competent assistance' required under the Sixth Amendment to the Federal Constitution. *Id.* (quoting *Cronic*, 466 U.S. at 690).

B. Jury Instructions

Defendant also argues he is entitled to relief under § 2255 because he suffered a due process violation when the court instructed the jury that it could find Defendant guilty of extortion without finding him guilty of the three related money laundering counts. As discussed above, Defendant's

5

assertion that the three money laundering claims were "predicates" to the extortion count was erroneous. Once it found Defendant guilty of extortion, the jury was free to find, and presumably so found, that Defendant did not know the funds were the proceeds of extortion and/or that he did not design the financial transactions to conceal the origin of the funds. Such factual findings would require not guilty verdicts on the three related money laundering counts despite a guilty verdict on the extortion count. As the instructions were proper, Defendant's due process argument is without merit.

### III. CONCLUSION

For the foregoing reasons, Defendant's Amended 2255 Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 357) and his Motion for Order and Summary Judgement (Dkt. No. 361) are denied.

It is So Ordered.

  /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge